Rehearing granted and mooting motion for rehearing en banc, October 4, 2006

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4857**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT LEE FOSTER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge. (CR-03-141)

_____

Submitted:  August 31, 2005        Decided:  September 23, 2005

_____

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

Christopher F. Cowan, COWAN & OWEN, P.C., Richmond, Virginia, for
Appellant.  Paul J. McNulty, United States Attorney, Michael J.
Elston, Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Robert Lee Foster appeals his conviction and sentence entered on a jury verdict. Foster was convicted on all counts of a five-count indictment, charging him with conspiracy to defraud the United States, in violation of 18 U.S.C. § 286 (2000), false, fictitious, and fraudulent claims, in violation of 18 U.S.C. § 287 (2000), and aiding and abetting, in violation of 18 U.S.C. § 2 (2000). Foster was sentenced to 156 months of imprisonment, 120 months on Count One and thirty-six months on Count Two, to be served consecutively, and thirty-six months on the remaining three counts, to be served concurrent to Count Two and consecutive to Count One. The court further imposed three years of supervised release and restitution, jointly and severally with codefendant Crystal Foster, in the amount of $240,802.70.

On appeal, Foster challenges the sufficiency of the evidence on all counts. "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). We "have defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir.

- 2 -

1996) (en banc)).  We review both direct and circumstantial evidence and give the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established."  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

We must uphold a conviction under 18 U.S.C. § 287 "if the evidence shows the submission of a false claim and if the defendant acted with knowledge that the claim was false and with a consciousness that he was either doing something which was wrong, or which violated the law."  United States v. Bolden, 325 F.3d 471, 494 (4th Cir. 2003) (internal quotations and citation omitted).  To prove the conspiracy under § 286, the Government must prove (1) "that there was a conspiracy to defraud the United States; (2) that the defendant knew of the conspiracy and intended to join it; and (3) that the defendant voluntarily participated in the conspiracy." United States v. Upton, 91 F.3d 677, 681-82 (5th Cir. 1996) (internal quotations omitted).

We conclude that the evidence was sufficient to satisfy these statutes.  Foster, a self-styled "reparations activist" who conducted a business preparing tax returns from his home, encouraged several other individuals to allow him to file their tax returns claiming the right to a refund for many thousands of dollars based on an asserted entitlement to reparations.  He admitted in a deposition, a portion of which was introduced at

trial, that he had searched Internal Revenue Service ("IRS") publications but had found no basis for such a claim. Further, Foster received one-fifth of the refund sent to his daughter, Crystal Foster. We find this evidence sufficient to support Foster's convictions.

Foster challenges a clarifying instruction given in response to a question from the jury during deliberations. This court reviews a district court's decision to respond to a jury's question, and the form of that response, for abuse of discretion. United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995). "[I]n responding to a jury's request for clarification on a charge, the district court's duty is simply to respond to the jury's apparent source of confusion fairly and accurately without creating prejudice." Id. An error requires reversal only if it is prejudicial in the context of the record as a whole. See United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1406-07 (4th Cir. 1993). We conclude that the district court's response in this case was fair and accurate, and was certainly not prejudicial when judged on the record as a whole.

Foster next challenges a comment by the prosecutor to the effect that every taxpayer was a victim of Foster's crime. As Foster did not object to this statement at trial, we review for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). In assessing whether an appellant is

- 4 -

entitled to relief from alleged prosecutorial misconduct at trial, the court "must assess (1) whether the prosecutor's remarks or conduct was improper, and (2) whether such remarks or conduct prejudicially affected the defendant's substantial rights so as to deprive [him] of a fair trial." United States v. Stockton, 349 F.3d 755, 762 (4th Cir. 2003)(internal quotation marks omitted). Here, as the Government asserts, the challenged statement is both obvious and true. Foster has not explained how his substantial rights are implicated by the statement, and we conclude that he has failed to establish plain error.

In a supplemental brief filed after the decision in Blakely v. Washington, 542 U.S. 296 (2004), but before the decision in United States v. Booker, 125 S. Ct. 738 (2005), Foster challenges his sentence, arguing that the district court imposed the sentence based on facts found by the judge on a preponderance of the evidence standard. Foster's sentence was enhanced eighteen levels beyond the base offense level because of the amount of loss as found by the judge. Three enhancements based on facts not alleged in the indictment or found by the jury were also imposed.[1]

---

[1]Foster argues that, based on the information charged in the indictment, he can be held responsible only for $1,508,000, rather than the $5,098,400.91 cited in the presentence report. He also challenges the enhancements imposed for violation of a prior, specific judicial order, U.S. Sentencing Guidelines Manual § 2B1.1(b)(7)(C) (2002); aggravating role in the offense, USSG § 3B1.1(a), and obstruction of justice, USSG § 3C1.1, because they were based on facts found by the judge.

As Foster raises this Sixth Amendment claim for the first time on appeal, review is for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). The Supreme Court's subsequent decision in Booker applies to all cases pending on direct review at the time it was decided. Id. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)). Thus, Booker applies to Foster's direct appeal.

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Hughes, 401 F.3d at 546 (citing Booker, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court)).

After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If it imposes a

sentence outside the guideline range, the district court must state its reasons for doing so.  Hughes, 401 F.3d at 546.

Here, Foster's offense level was increased by eighteen levels based on an amount of loss calculation that considered loss beyond that charged in the indictments.  He also received three enhancements based on facts found by the district court by a preponderance of the evidence.  Without any of these increases, his total offense level would have been six.  Considered with his criminal history category III, this total offense level yields a sentencing range of two to eight months rather than the range of 151 to 188 months that the district court used to compute his sentence.  We find that this sentencing constitutes plain error[2] that warrants reversal.  Hughes, 401 F.3d at 555-56.[3]

Finally, Foster challenges the district court's calculation of his criminal history category, contending that this

_____

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Foster's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[3]In his original brief to the court, Foster challenged the district court's use of "intended loss" rather than "actual loss" in determining the amount of loss for sentencing.  We hold that the district court correctly used "intended loss," pursuant to USSG § 2B1.1.  Under that provision, for purposes of determining the offense level for property and financial crimes, loss is the greater of actual or intended loss. Therefore, on remand, the district court may continue to use intended loss.

issue must also be charged in the indictment and proved to a jury beyond a reasonable doubt. Essentially, Foster argues that the prior conviction exception laid out in Almendarez-Torres v. United States, 523 U.S. 224 (1998), may no longer be good law. This argument is foreclosed by the Supreme Court's reaffirmation of the Almendarez-Torres prior conviction exception in Booker. See Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). While Justice Thomas's concurrence in Shepard v. United States, 125 S. Ct. 1254, 1263-64 (2005), expressed doubt about the future viability of the exception, it is still good law.

Nor does the application of the prior conviction exception to Foster raise any of the problems outlined in Shepard. In Shepard, the Supreme Court instructed that Sixth Amendment protections apply to disputed facts about a prior conviction. Id. at 1262-63. Because no facts related to Foster's prior convictions were disputed, the district judge's determination of his criminal history did not violate the Sixth Amendment. Cf. United States v. Washington, 404 F.3d 834, 843 (4th Cir. 2005) (finding that district court's reliance on disputed facts about the defendant's

prior conviction violated the defendant's Sixth Amendment right to trial by jury).

We accordingly affirm Foster's conviction, but vacate his sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
